# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| ZIMBABWE HARSHEEN FIELDS, ) | |
| ) | CIVIL ACTION NO.: CV214-090 |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| SUZANNE R. HASTINGS, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Zimbabwe Fields ("Fields"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Fields filed a Traverse. For the reasons which follow, Fields' petition should be **DENIED**.

## STATEMENT OF THE CASE

Fields was convicted in this Court of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). The Honorable B. Avant Edenfield sentenced Fields to 108 months' imprisonment. Fields has a projected release date of April 17, 2020, via good conduct release. (Doc. No. 8, p. 2).

Fields contends that the Bureau of Prisons ("BOP") has not awarded him with the appropriate amount of credit against his federal sentence. Fields also contends that the

BOP incorrectly denied his *nunc pro tunc* designation request, which would have allowed his federal and state sentences to run concurrently. Respondent asserts that Fields has received all of the credit against his federal sentence to which he is entitled.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Sentence credit computation

Fields contends that his federal sentence should have commenced when he began his pre-trial detention. (Doc. No. 1, p. 7). Respondent asserts that Fields has received credit against his federal sentence for a portion of the time he seeks. Respondent asserts that, during a sentence audit, BOP staff discovered that Fields was not credited by Chatham County for 259 days, from June 17, 2011, to March 1, 2012. Respondent asserts that the remaining days of credit Fields seeks were credited against his state sentence, and Fields is not entitled to any additional credit against his federal sentence.

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." United States v. Ballard, 6 F.3d 1502, 1505 (11th Cir. 1993); see also 18 U.S.C. § 3584(a). It is for a federal court to decide if an offender's federal sentence will run concurrently or consecutively to any state sentence the offender may face. See United States v. Andrews, 330 F.3d 1305, 1307 n.1 (11th Cir. 2003). Additionally, "'if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.'" Powell v. Jordan, 159 F. App'x 97, 99–100 (11th Cir.

2

2005) (quoting Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)). "A writ of habeas corpus ad prosequendum is only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Civiletti, 621 F.2d at 693.

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). Section 3585 of Title 18 of the United States Code provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). In determining the proper credit, a two-part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Here, Fields' federal sentence at issue began on January 24, 2013, the date he was transferred to the custody of the United States Marshals Service. (Doc. No. 8-2, p. 7). Section

3

3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

Fields was arrested in Chatham County, Georgia, for possession of a firearm by a convicted felon and theft by receiving stolen property on June 17, 2011. At the time of his arrest, Fields was on state probation in case number CR07-2100-AB. The state charges were dismissed in lieu of a federal charge of possession of a firearm, but Fields remained in state custody on a probation hold. Fields was taken by federal authorities pursuant to a writ of habeas corpus ad prosequendum on August 8, 2011. (Id.). Judge Edenfield sentenced Fields to 108 months' imprisonment on February 21, 2012, and Fields was returned to the State of Georgia's custody on March 2, 2012. (Id. at pp. 7, 10). Fields' state probation was revoked on March 22, 2012, and he was sentenced to ten (10) months' imprisonment. Fields received credit against his state sentence from March 2, 2012, through March 22, 2012. (Id. at p. 18). Fields was transferred to the custody of the United States Marshals Service on January 24, 2013, which is the date Fields' sentence commenced. (Id. at p. 7).

Respondent contends that the BOP initially believed Fields had received all of the credit against his state sentence to which he was entitled. However, during the sentence audit process, staff received information that Fields had not received credit for 259 days of time served in the state system, from June 17, 2011, to March 1, 2012. (Doc. No. 8-1, p. 5). The BOP awarded Fields this credit against his federal sentence. (Id.). The remainder of the time for which Fields seeks credit against his federal sentence was credited against his state revocation period. (Id. at p. 6).

AO 72A
(Rev. 8/82)

Fields' federal judgment was silent as to whether his federal sentence was to run concurrently with or consecutively to his state sentence. (Doc. No. 8-2, pp. 10–15). The BOP contacted Judge Edenfield to determine whether Fields' federal sentence was to run concurrently to his state sentence, which would result in a projected release date of May 26, 2019. (Id. at pp. 53–54). Based on Judge Edenfield's response to this inquiry, Fields' federal sentence was to run consecutively to his state sentence. (Id. at p. 55); 18 U.S.C. § 3584(a). Fields' federal sentence commenced on January 24, 2013, the date the United States Marshals Service obtained custody of him. Fields is not entitled to any more credit against his federal sentence.

## II. *Nunc pro tunc* designation

The BOP shall designate the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b). The BOP, in its "sound discretion", can "designate a state prison as a place of federal confinement *nunc pro tunc*." Roman v. Nash, 184 F. App'x 277, 279 (3d Cir. 2006) (citing Barden v. Keohane, 921 F. 2d 476, 481 (3d Cir. 1991)). In making this determination, the BOP must consider: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence--(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." 18 U.S.C. § 3621(b).

The BOP's implementation of this statute is found at Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence. This

Statement provides an inmate with the opportunity to request a *nunc pro tunc* designation based on an inmate's request for pre-sentence credit for time spent in service of a state sentence. (Doc. No. 8, p. 8; Doc. No. 8-2, p. 49). While the BOP must consider an inmate's request, the BOP has no obligation to grant the request "by designating a state institution retroactively as the place to serve the federal sentence." (Id. at p. 50). The BOP will gather and review certain information, such as the federal and state Judgments and Commitments, the state sentence data record to include jail credit, and "any other pertinent information" relating to the sentences. (Id.) Under BOP Program Statement 5160.05, the Regional Directors are delegated the authority to designate a non-federal facility for concurrent service of a federal sentence and may make such a designation "when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." Program Statement 5160.05, p. 4 (Jan. 16, 2003), www.bop.gov/policy/progstat/5160_005.pdf, last accessed September 10, 2014.

The BOP considered Fields' request for *nunc pro tunc* designation and denied the request. Fields was informed that he was under the primary jurisdiction of Georgia authorities at the time his federal sentence was imposed. Fields was also informed that *nunc pro tunc* designation was not appropriate for him because the federal court had the opportunity to order that Fields' federal sentence run concurrently with his state sentence but did not. Fields was further informed that, by statute, multiple terms of imprisonment imposed at different times run consecutively unless a court orders otherwise and that his federal sentence could not commence until he met the statutory criteria on January 24, 2013. (Doc. No. 8-2, pp. 33–34).

The BOP considered Fields' request for *nunc pro tunc* designation as required by statute and as implemented as Program Statement 5160.05. The BOP's decision to deny Fields' request falls within the BOP's discretion, and Fields provides no reason why this Court should disturb the BOP's determination. Fields is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Fields' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of September, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)